# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD DUHAIME, JAMES W. YODER, DONNA M. YODER, THEODORE A. PECK, JOHN SULLIVAN, and CLARISSA SULLIVAN, on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and JOHN HANCOCK DISTRIBUTORS, INC.,<br><br>Defendants. | Civil Action No. 96-10706-RGS |

### [PROPOSED] ORDER ON MOTION OF JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) TO ENFORCE THIS COURT'S RELEASE AND INJUNCTION AGAINST *DUHAIME* CLASS MEMBER BARBARA LARSON

Having considered the Motion of John Hancock Life Insurance Company (U.S.A.) to enforce the Court's release and injunction against *Duhaime* Class Member Barbara Larson, together with supporting and opposing papers, the Motion is ALLOWED, and this Court rules as follows:

1. On December 31, 1997, this Court entered a Final Order and Judgment ("Final Judgment," Docket No. 162) approving a class settlement of this case and entering a release and permanent injunction forever extinguishing and barring class members from filing, commencing, or prosecuting any lawsuit in any jurisdiction based on released claims.

2. This Court retains jurisdiction and authority to interpret and enforce the Final Judgment.

3. Barbara Larson ("Larson") is a member of the *Duhaime* Class, and is bound by the Final Judgment.

4. Ms. Larson is violating the Final Judgment by prosecuting class claims in *Larson v. John Hancock Life Insurance Company (U.S.A.)*, Case No. RG16813803 (the "*Larson* Action") that fall within the scope of the release and permanent injunction. Specifically, the release incorporated into this Court's Final Judgment bars, among other things, all claims by *Duhaime* Class Members relating to Flex V Scheduled Premium Variable Whole Life insurance policies issued from January 1, 1979 through December 31, 1996 that Larson has asserted on a class basis in the *Larson* Action.

5. To protect the jurisdiction and authority of this Court and to prevent any further violation of its Final Judgment, the permanent injunction is specifically enforced against Larson.

6. Larson is permanently enjoined from violating the Final Judgment, including but not limited to by seeking or continuing to prosecute class claims in the *Larson* Action on behalf of Duhaime class members including those who Flex V Scheduled Premium Variable Whole Life insurance policies issued from January 1, 1979 through December 31, 1996.

SO ORDERED.

/s/ Richard G. Stearns

Honorable Richard G. Stearns    6-15-17.