UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD DUHAIME, JAMES W. YODER, DONNA M. YODER, THEODORE A. PECK, JOHN SULLIVAN, and CLARISSA SULLIVAN, on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and JOHN HANCOCK DISTRIBUTORS, INC.<br><br>Defendants. | Civil Action No. 96-10706-RGS |

## ORDER ON MOTION OF JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) TO ENFORCE THIS COURT'S RELEASE AND <u>INJUNCTION AGAINST *DUHAIME* CLASS MEMBER MICHAEL PARKER</u>

Having considered the Motion of John Hancock Life Insurance Company (U.S.A.) to enforce the Court's release and injunction against *Duhaime* Class Member Michael Parker, together with supporting and opposing papers, the Motion is ALLOWED, and this Court rules as follows:

1. On December 31, 1997, this Court entered a Final Order and Judgment ("Final Judgment," Docket No. 162) approving a class settlement of this case and entering a release and permanent injunction forever extinguishing and barring class members from filing, commencing, or prosecuting any lawsuit in any jurisdiction based on released claims.

2. This Court retains jurisdiction and authority to interpret and enforce the Final Judgment.

3. Michael Parker ("Parker") is a member of the *Duhaime* Class and is bound by the Final Judgment.

4. Mr. Parker is violating the Final Judgment by prosecuting class claims in *Parker v. John Hancock Life Insurance Company (U.S.A)*, Case No. 202262578 (the "Parker Action") that fall within the scope of the release and permanent injunction. Specifically, the release incorporated into this Court's Final Judgment bars, among other things, all claims by *Duhaime* Class Members relating to life insurance policies issued from January 1, 1979 through December 31, 1996 that Parker has asserted in the Parker Action.

5. To protect the jurisdiction and authority of this Court and to prevent any further violation of its Final Judgment, the permanent injunction is specifically enforced against Parker.

6. Parker is permanently enjoined from violating the Final Judgment, including but not limited to seeking or continuing to prosecute claims in the Parker Action.

SO ORDERED.

*/s/ Richard D. Stearns*
Honorable Richard G. Stearns